**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FURNEY CANTEEN<br>CHRIS MALDONADO<br>ABDEL ABDALLAH<br>JAMMARR ALEXANDER<br>JEFFREY ALLEN<br>CEDRIC ALLISON<br>RANDY ALVARADO<br>JOHN ASSENZIO<br>MOUCTAR BAH<br>ADRIAN BAPTISTE<br>KELLEY BEGLEY<br>BRIAN BOYAR<br>VAUGHN BRADLEY<br>DEANNA BUNCH<br>GILFRAISE CAMPBELL<br>ROBERT CANONICA<br>DAVID CHIN<br>DAVID CHU<br>DOMINIK CICHOCKI<br>KENNETH CLARK<br>NICHOLAS CONDOS<br>JOEL CONTRERAS<br>VANESSA CORDERO<br>JENNY CORDOVA<br>IRIS CUESTA<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK,<br><br>Defendant. | Civil Action No. _________<br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiffs, by and through their counsel, the law firm of McGillivary Steele Elkin LLP, for their Complaint against the City of New York, New York ("Defendant" or "City"), state as follows:

## INTRODUCTION

1. Plaintiffs are current and former employees of the Defendant, City of New York, New York, employed by the New York City Sheriff's Office ("NYCSO" or "Sherrif's Office"), a division of the Department of Finance, in the position of Deputy Sheriffs and/or Sergeants. Plaintiffs bring this action for a back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2. Plaintiffs bring this action against Defendant as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), because of Defendant's failure to pay Plaintiffs the overtime compensation to which Plaintiffs are entitled under the FLSA. Deputy Sheriffs and Sergeants at the New York City Sheriff's Office, including Plaintiffs, are similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA, including those policies and practices whereby Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work outside of their paid shifts. Plaintiffs are also similarly situated to each other because they have been subject to the same polices and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based and fails to pay overtime compensation in a timely manner.

## PARTIES

3. Plaintiffs, who are listed in Exhibit A, have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The written consent forms attached as Exhibit A set forth each Plaintiff's name and address.

4. Each of the Plaintiffs in this action, while employed by Defendant, has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant City of New York is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The City of New York has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## FACTS

8. Within the last three years and continuing to date, Plaintiffs are, and/or at all times material herein have been, employed by the City of New York, within its Sheriff's Department, in the positions of Deputy Sheriff and/or Sergeant.

9. Plaintiff Chris Maldonado is employed by the City as a Deputy Sheriff. Plaintiff Furney Canteen is employed by the City as a Sergeant. These and the other Plaintiffs named above, who bring this action pursuant to 29 U.S.C. § 216(b), are similarly situated Deputy Sheriffs and Sergeants who work or have worked for Defendant within the applicable recovery period.

10. While working as Deputy Sheriffs and/or Sergeants on behalf of Defendant, the job duties of Plaintiffs include, but are not limited to, reviewing and preparing case needs, making service of process, executing court mandates and orders as directed, escorting prisoners or parties

as directed by the court, enforcing civil orders of protection or warrants for removals, and updating and maintaining case records.

11. While working as Deputy Sheriffs and/or Sergeants, Plaintiffs are regularly scheduled to work at least 40 hours a week. Specifically, each week, they are regularly scheduled to work, and are compensated for working, either 5 shifts of 8 hours or 4 shifts of 10 hours. Plaintiffs also regularly work preapproved overtime each week, for a total of 40 or more hours per week of compensated work time.

12. In addition to their scheduled shifts and their preapproved overtime, Plaintiffs routinely work additional hours of uncompensated time, such that they are suffered or permitted to work over 40 hours in a workweek, and Defendant fails to compensate Plaintiffs for all the hours over 40 hours per week at a rate of one and one-half times their regular rate of pay. Specifically, for example, Defendant fails to compensate Plaintiffs for non-preapproved hours worked before or after their scheduled shifts.

13. Additionally, in those instances where Plaintiffs are compensated for hours worked over 40 hours in a workweek, where the overtime hours were preapproved, Defendant nevertheless systematically fails to pay them for this overtime work at one and one-half times the correct regular rate of pay. Even when overtime is compensated at more than an employee's basic straight-time rate, for example, Defendant still fails to include differential payments, such as night shift differentials, in Plaintiffs' regular rate when calculating overtime pay. Further, Defendant regularly pays Plaintiffs weeks beyond the regular payday for the date(s) on which the overtime was worked.

14. Defendant captures the work hours of Plaintiffs, including time spent working outside of their scheduled shifts, on Defendant's timekeeping system, "CityTime," which is maintained and accessible at Plaintiffs' work locations. Time that is recorded but worked outside

Plaintiffs' scheduled shifts is categorized as "noncompensable hours" or "uncompensated hours" in the CityTime system, and Plaintiffs are not paid for that time even though, as explained below, Defendant has suffered or permitted them to perform uncompensated overtime work during that time.

***Uncompensated Work Performed by Plaintiffs***

15. While working for the City of New York, Plaintiffs routinely work over 40 hours a week because they frequently work overtime in addition to their regularly scheduled hours performing their regular job duties. Plaintiffs are not fully compensated for these additional hours.

16. In addition to their 40 hours of regularly scheduled shifts, Plaintiffs frequently work additional hours in which they perform their regular job duties but do not receive any compensation.

17. During the time outside their scheduled shifts, Plaintiffs perform their primary job duties, which include, but are not limited to, those duties enumerated in Paragraph 10. For example, Deputy Sheriffs and Sergeants both perform work tasks such as reviewing case needs and preparing for related field work, discussing assignments with supervisors, and updating case-related documents.

18. For example, Plaintiff Maldonado has been employed by the City of New York since approximately September of 2021, and has worked in the position of Deputy Sheriff since approximately the middle of 2022. Plaintiff Maldonado, like other plaintiffs who work as Deputy Sheriffs, works a regular shift schedule of at least 40 hours, which for Plaintiff Maldonado is currently 2:00 p.m. to 10:00 p.m., Monday through Friday, each week. Plaintiff Maldonado begins work approximately 15 or more minutes prior to the beginning of his scheduled shifts and frequently works 10-20 minutes of additional uncompensated work after the end of his scheduled

shift. As a result, Defendant regularly suffers or permits Plaintiff Maldonado to perform up to approximately 175 minutes of uncompensated overtime work or more each week.

19. For further example, Plaintiff Furney Canteen has been employed by the City of New York for the relevant time period and has worked in the position of Sergeant. Plaintiff Canteen, like other plaintiffs employed as Sergeants, works a regular shift schedule of at least 40 hours. Plaintiff Canteen has regularly worked the 5:00 a.m. to 3:00 p.m. and the 10:00 a.m. to 8:00 p.m. shifts, Monday through Friday. As a Sergeant, Plaintiff Canteen begins work approximately 20 minutes prior to the beginning of his scheduled shifts and frequently works 15-20 minutes of additional time after the end of his scheduled shifts. As a result, Defendant regularly suffers or permits Plaintiff Canteen to perform up to approximately 160 minutes of uncompensated overtime work or more each week.

20. The amount of uncompensated work hours for which Plaintiffs have not been paid can be identified through the Defendant's timekeeping system and through other evidence of Plaintiffs' pay and work time.

***Rate at Which Overtime is Paid to Plaintiffs***

21. While working as Deputy Sheriffs and/or Sergeants during the last three years, when working preapproved overtime in excess of 40 hours in a workweek, Plaintiffs have been entitled to receive overtime pay at the rate of one and one-half times their regular rate of pay, but Defendant has failed to compensate Plaintiffs at the full, lawful rate for this preapproved overtime work.

22. For example, Plaintiffs have received certain payments in addition to their basic pay, including but not limited to night shift differentials and "meal allowance" pay (collectively, "premium payments"). These premium payments are made pursuant to Agency-wide policy and/or

collective bargaining agreements, and thus they are paid to Deputy Sheriffs and Sergeants, including Plaintiffs. However, on occasions when Plaintiffs are paid overtime compensation for pre-approved overtime work, Defendant wrongly fails to include these additional premium payments in the regular rate of pay used to calculate the overtime rate payable to Plaintiffs.

23. The failure to include these premium payments in Plaintiffs' regular rate of pay means that when Plaintiffs receive paid overtime for working in excess of 40 hours in a week, they are paid at a rate for those overtime hours that is below the rate mandated by the FLSA.

24. Deputy Sheriffs and Sergeants employed by Defendant who receive premium payments pursuant to Agency-wide policy and/or collective bargaining agreements, routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 hours because, for example, Defendant continues to fail to include these payments in the regular rate of pay upon which the Plaintiffs' overtime rate is based. The precise amount of improperly paid overtime received by each Deputy Sheriff and Sergeant can be identified through the Defendant's timekeeping system and through other work and pay records.

***Late Payment for Overtime Worked***

25. In those instances in which Defendant has at least partially compensated Plaintiffs for working hours in excess of 40 hours a week, Defendant is required to "approve" requests for overtime compensation prior to paying Plaintiffs for that time. Due to delays in "approval" of overtime compensation by Defendant and its managers, or for other reasons that are unrelated to Defendant's ability to determine the amount of overtime compensation that is owed to the Plaintiffs, Defendant routinely pays Plaintiffs for their overtime work more than one pay period after the date that Plaintiffs have been paid for their non-overtime work hours for that week (i.e., more than two pay periods after the overtime was worked).

26. Defendant has violated basic prompt payment principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek by weeks, and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

27. However, while working as Deputy Sheriffs and Sergeants during the last three years, Plaintiffs worked pre-approved overtime hours for which they were not promptly compensated in a timely fashion. Specifically, through no fault of the Plaintiffs, Defendant, on occasion, did not pay Plaintiffs for such pre-approved overtime until 30 days or more after the overtime was worked.

28. Plaintiffs employed as Deputy Sheriffs and/or Sergeants by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are occasionally compensated for pre-approved overtime work in an untimely manner (i.e., more than two pay periods after the overtime was worked). The precise amount of untimely paid overtime received by each Deputy Sheriff and Sergeant Plaintiff can be identified through the Defendant's timekeeping system and through other work and pay records.

***Defendant's Fair Labor Standards Act Violations are Willful***

29. CityTime tracks Plaintiffs' work time on a minute-by-minute basis. However, Defendant does not pay Plaintiffs on a minute-by-minute basis. This is because when the Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out).

30. Defendant is aware that the City's "pay-to-schedule" system fails to capture Plaintiffs' actual working hours and fails to pay employees for compensable work time. For example, in *Perry v. City of New York,* the Second Circuit affirmed a jury verdict in favor of New York City EMTs and Paramedics in the amount of $17.78 million for FLSA violations, including willfully failing to pay for pre-shift and post-shift time recorded on CityTime. 78 F.4th 502 (2d Cir. 2023). Notably, in that same case, the Second Circuit also affirmed that "knowledge of non-payment is irrelevant to FLSA liability." *Id.* at 515

31. Defendant has failed to conduct an audit or otherwise investigate any of the Plaintiffs' work minutes captured by CityTime as "uncompensated" or "noncompensable" time, including but not limited to what job duties Plaintiffs are actually performing during their recorded, "uncompensated" or "noncompensable" out-of-shift.

32. Defendant is also aware of its obligation to pay employees for overtime work that is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time has not been preapproved by Plaintiffs' superiors. *See, e.g.*, *De La Cruz v. City of New York*, 2017 WL 11591568 at *22-25 (granting summary judgment for City workers on FLSA claims that they worked uncompensated overtime of which their managers were aware, despite failure to seek preapproval or otherwise request compensation in CityTime); *Perez v. City of New York*, 12 Civ. 4914 (PAE), 2017 WL 43261052017, at *12-13 (S.D.N.Y. Sept. 27, 2017) (rejecting City's argument that it was entitled to summary judgment on hours plaintiffs "did not properly report" in CityTime system, where "ample record evidence" demonstrated that the City nevertheless knew or had reason to know plaintiffs were working unreported overtime hours).

33. The former New York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer

is aware. *Perry v. City of New York*, Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 281 (Trial Tr. Oct. 16, 2019) at 969 ("[I]t would be . . . the supervisor's responsibility to ensure that the employees get paid for work about which the employer is aware; correct?" "Correct."); *see also De La Cruz*, 2017 WL 11591568 at *9 ("[T]he City's chief employment lawyer . . . concedes that where a manager observes an employee working [outside of their shift], the manager has an obligation to make sure that employee is compensated for that time, even if the employee did not obtain pre-approval[.]") (citations omitted).

34. Plaintiffs' managers are aware of when Plaintiffs are working, and the nature and timing of the work, even if it happens outside of the Plaintiffs' scheduled shifts, as supervisors assign caseloads to Plaintiffs; supervisors share physical space with Plaintiffs; and other factors inherent in the job duties and work environment of Plaintiffs and their supervisors.

35. Upon information and belief, Defendant has not disciplined any Deputy Sheriff or Sergeant for performing unpaid work outside of their scheduled shifts.

36. Nevertheless, at all times relevant, Defendant has failed and continues to fail to compensate Plaintiffs for overtime work that they perform with their managers' knowledge, and which is recorded in the CityTime system as "noncompensable hours."

37. The City has also previously been held liable for failure to properly calculate employees' regular rate of pay by failing to include differential payments, such as night shift differentials and other recurring payments, in the rate at which overtime is paid to employees. *See, e.g.*, *Foster/De La Cruz*, 2017 WL 11591568, at *32-35; *Lawtone-Bowles v. City of N.Y.*, 2020 WL 2833366, at *5; *Lynch v. City of New York*, 291 F. Supp. 3d 537, 551-52 (S.D.N.Y. 2018). Despite these decisions, the City continues to fail to include such differential payments in Plaintiffs' regular rate of pay.

38. Plaintiffs' timekeeping and payroll data is in Defendant's exclusive possession and is not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not readily available to Plaintiffs because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and require[] a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

**COUNT I**

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

39. Plaintiffs hereby incorporate by reference all preceding Paragraphs in their entirety and restate them herein.

40. At all times material herein, from July 16, 2021, as well as before, continuing through the present and ongoing, during those workweeks in which Plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to performing tasks enumerated in Paragraphs 10 and 17, without compensation, outside of their scheduled shifts, all of which is recorded in Defendant's timekeeping records, and other work logs. This additional, daily work has caused Plaintiffs to work in excess of 40 hours in a week without proper overtime compensation in violation of the FLSA. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

41. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each

employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs for work that they have been suffered or permitted to work before the official start time and/or after the end time of their regularly scheduled shifts.

42. As a result of Defendant's systemic, continuing, willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies and the Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs from which the amount of Defendant's liability can be ascertained.

43. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation as alleged herein.

44. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY OVERTIME AT THE LAWFUL RATE OF ONE AND ONE-HALF TIMES THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

45. Plaintiffs hereby incorporate by reference all preceding Paragraphs in their entirety and restate them herein.

46. Section 207(e) of the FLSA, 29 U.S.C. § 207(e), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions not applicable here. For example, from July 16, 2021, as well as before, continuing through the present and ongoing, Defendant has failed to include certain premium payments, including night shift differential pay and meal allowance pay, in Plaintiffs' regular rate of pay for purposes of computing overtime pay entitlements of Plaintiffs resulting in Defendant paying Plaintiffs for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to pay for overtime work at the lawful rate of one and one-half times the regular rate of pay, such as by failing to include these forms of additional compensation in Plaintiffs' regular rate of pay, violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

47. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

48. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to properly pay overtime compensation as alleged herein.

49. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT III**

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR MONTHS AFTER THE OVERTIME WAS WORKED**

50. Plaintiffs hereby incorporate by reference all preceding Paragraphs in their entirety and restate them herein.

51. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. From July 16, 2021, as well as before, continuing through the present and ongoing, Defendant has violated these basic principles by delaying Plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

52. As this court recently recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, No. 7:17-cv-07804-NSR (S.D.N.Y. Jan. 21, 2022), "while 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to delay paying its employees,' several courts have held that it is a violation of the FLSA to withhold employees' overtime such that 'two weeks is an unreasonable amount of time for an employer to delay a paycheck.'" (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC), 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 29, 2018)). Here, Defendant's failure

to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

53. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

54. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to promptly pay overtime compensation as alleged herein.

55. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a) Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b) Award Plaintiffs monetary liquidated damages equal to their unpaid compensation;

(c) Award Plaintiffs and all others similarly situated interest on their unpaid compensation;

(d) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Date: July 16, 2024

Respectfully submitted,

*s/ Sara L. Faulman*
Sara L. Faulman
John W. Stewart*
Sophia Serrao*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
slf@mselaborlaw.com
jws@mselaborlaw.com
ss@mselaborlaw.com
**Pro Hac Vice motions forthcoming*

Stephen Mc Quade, Esq.
Partner
Pitta LLP
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3885 (Direct)
(212) 652-3891 (Facsimile)
smcquade@pittalaw.com
www.pittalaw.com

*Counsel for Plaintiffs*